IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNON L. HOWERY, # B12703,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00896-MJR |
| ) | |
| **RICK HARRINGTON,** ) | |
| **PLACEMENT COORDINATOR,** ) | |
| **SECURITY OFFICER,** ) | |
| **UNKNOWN PARTY,** ) | |
| **COUNSELOR N-1,** ) | |
| **COUNSELOR N-2, and** ) | |
| **MR. SCHWARTZ,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Bernon L. Howery, an inmate in Menard Correctional Center[1], brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his placement in segregation for eleven days without cause, and the conditions of his confinement in segregation.

Plaintiff's original complaint was dismissed because, as pleaded, it failed to state personal involvement on the part of any defendant, and it failed to state allegations that could support a colorable constitutional claim (Doc. 9). Plaintiff's amended complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

---

[1] The Court previously referred to Plaintiff as being housed at Stateville Correctional Center and suing regarding incidents at Menard Correctional Center. In fact, Plaintiff is housed at Menard and takes issue with events that occurred at Menard.

> action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff has clearly attempted to improve upon the original complaint in keeping with the deficiencies noted and guidance offered by the Court when the original complaint was

dismissed. The amended complaint contains a few added facts regarding the conditions of confinement in segregation, and Mr. Schwartz is added as a defendant. However, Plaintiff has again failed to allege sufficient personal involvement to satisfy the *Twombly* pleading threshold.

As the Court explained in great detail relative to the original complaint, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The narrative of the amended complaint consistently refers to "the defendants," not mentioning a single defendant by name. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In order for each defendant to be able to fashion an answer, they must be able to reasonably discern what it is alleged that they did to Plaintiff. Although sometimes a collective reference to "the defendants" is acceptable, reading the amended complaint as a whole it is clear that not all defendants committed every alleged act that is at issue. Therefore, the amended complaint will be dismissed and Plaintiff will be given a final opportunity to draft a second amended complaint.

The amended complaint suggests that Plaintiff may be under the misconception that the Court considers his prior pleadings and attached exhibits when reviewing any amended complaint. Local Rule 15.1 does not permit amendment by interlineation. Rather, Plaintiff's second amended complaint must be self-contained, stating all claims against all defendants that Plaintiff desires to pursue, *and* including any exhibits referenced. Again, Plaintiff must indicate who did what to whom. Plaintiff would be wise to re-read the Court's order dismissing the original complaint, along with this order, so that he understands what he needs to do to state a colorable claim.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the amended complaint (Doc. 12) fails to state a claim upon which relief can be granted and is **DISMISSED without prejudice** and with leave to amend.  Accordingly, all Defendants are **DISMISSED without prejudice**.  Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before June 13, 2014, Plaintiff shall file a second amended complaint.  Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.  It is unlikely that Plaintiff will be afforded an opportunity to file a third amended complaint if a colorable claim is not stated; instead, dismissal of this action is almost certain.  Failure to file a second amended complaint will likely result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 14, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**