## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BERNON L. HOWERY, # B12703,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00896-MJR** |
| | ) | |
| **RICK HARRINGTON,** | ) | |
| **COUNSELOR N-2,** | ) | |
| **MR. SCHWARTZ-COUNSELOR N-1,** | ) | |
| **ROBERT L. PATTERSON,** | ) | |
| **TIM SAPP,** | ) | |
| **ANGELA GROTH,** | ) | |
| **N-2 GALLERY OFFICERS,** | ) | |
| **JOHN DOES # 1, 2 & 3-MEDICAL UNIT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Bernon L. Howery, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his being transferred to the segregation unit without cause, the conditions of his confinement, his interaction with correctional officers, and unanswered grievances. His original complaint failed to state a claim (*see* Doc. 9). Plaintiff's amended complaint also failed to state a claim (*see* Doc. 14). Plaintiff was given one more opportunity to plead a colorable claim. Plaintiff's second amended complaint (Doc. 17) is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Second Amended Complaint

As a preliminary matter, because Plaintiff is proceeding *pro se*, the administrative grievances inserted into the section of the complaint form reserved for the narrative of events

will be considered as the factual support underlying Plaintiff's 19 enumerated claims. Even affording Plaintiff this generous reading of the second amended complaint, he fails to state a claim upon which relief can be granted.

On March 20, 2013, upon returning to Menard after being on a court writ, Plaintiff was housed in the N-1 cellhouse, which is where prison workers are housed.  Although he is not a worker, he was still allowed to enjoy the many (unspecified) privileges afforded to the workers in N-1.  However, on April 2, 2013, Plaintiff was moved to a single-man cell in cellhouse N-2, a segregation unit where the "problem men" are housed—inmates moved from Tamms Super-Max, and those who cannot be housed in the general population or who are under investigation. Plaintiff describes the conditions in N-2 as being "markedly different" from N-1. An unidentified officer, "Officer John Doe" just appeared, placed Plaintiff in "segregation cuffs," and walked Plaintiff to N-2—"harassing" and "taunting" him on the way, acting "unprofessionally" and being "rude, uncouth and hateful."

Plaintiff was housed in N-2 from April 2, 2013, until April 12, 2013.  During that ten-day period, an unidentified N-2/Gallery 7 Officer(s) denied Plaintiff clean bedding and the opportunity to bathe.

Plaintiff was never told why he was moved to N-2, and subsequent inquiries to his counselors—"Counselor-N2," Mr. Schwartz, Tim Sapp and Angela Groth—have gone unanswered.  Plaintiff characterizes the counselors as acting "negligently."

On April 11, 2013, Plaintiff was taken to the N-2 medical unit for treatment.  He was "harshly cursed and chastised" by an unidentified N-2/Gallery 7 Officer.  Then, Plaintiff was left for two or three hours waiting to be seen. During his wait, Plaintiff's hands were cuffed behind his back and he was chained to the floor.  While in the health care office, passing

officers—John Does #1, 2 and 3, and "Sgt. John Doe"—called Plaintiff an "M'fer" and acted "unprofessionally."

Plaintiff asserts that Defendants Warden Rick Harrington and Placement Coordinator/Supervisor Robert L. Patterson (or "John Doe") knew of, or condoned moving Plaintiff to N-2, knowing about the conditions of confinement and mistreatment of prisoners.

The second amended complaint asserts the following claims:

**Count 1:** **Warden Harrington violated Plaintiff's Fourteenth Amendment right to due process when Plaintiff was moved to the N-2 segregation cellhouse without cause;**

**Count 2:** **Warden Harrington subjected Plaintiff to conditions of confinement in the N-2 segregation cellhouse that constituted cruel and unusual punishment in violation of the Eighth Amendment;**

**Count 3:** **While Plaintiff was housed in N-2, Warden Harrington allowed his subordinates to mistreat Plaintiff and interact with him in ways that constituted cruel and unusual punishment in violation of the Eighth Amendment;**

**Count 4:** **Placement Coordinator/Supervisor Patterson (or "John Doe"), in his official capacity, violated Plaintiff's Fourteenth Amendment right to due process when Plaintiff was moved to the N-2 segregation cellhouse without cause;**

**Count 5:** **Placement Coordinator/Supervisor Patterson (or "John Doe"), in his official capacity, violated Plaintiff's Fourteenth Amendment right to due process when Plaintiff was moved to the N-2 segregation cellhouse without cause;**

**Count 6:** **Warden Harrington, in his official capacity, violated Plaintiff's Fourteenth Amendment right to due process when Plaintiff was moved to the N-2 segregation cellhouse without cause;**

**Count 7:** **Warden Harrington, in his official capacity, subjected Plaintiff to conditions of confinement in the N-2 segregation cellhouse that constituted cruel and unusual punishment in violation of the Eighth Amendment;**

Count 8:   Placement Coordinator/Supervisor Patterson (or "John Doe"), in his official capacity, subjected Plaintiff to conditions of confinement in the N-2 segregation cellhouse that constituted cruel and unusual punishment in violation of the Eighth Amendment;

Count 9:   Placement Coordinator/Supervisor Patterson (or "John Doe"), in his official capacity, subjected Plaintiff to conditions of confinement in the N-2 segregation cellhouse that constituted cruel and unusual punishment in violation of the Eighth Amendment;

Count 10: Officer John Doe verbally abused and taunted Plaintiff as he was transferring him from N-1 to N-2 on April 2, 2013, amounting to cruel and unusual punishment in violation of the Eighth Amendment;

Count 11: Officer John Doe was unprofessional and abusive toward Plaintiff while transferring him from N-1 to N-2 on April 2, 2013, amounting to cruel and unusual punishment in violation of the Eighth Amendment;

Count 12: N-2/Gallery 7 Officer "John Doe" did not allow Plaintiff to bathe from April 2-12, 2013, in violation of the Eighth Amendment;

Count 13: N-2/Gallery 7 Officer "John Doe" did not give Plaintiff clean bedding from April 2-12, 2013, in violation of the Eighth Amendment;

Count 14: N-2/Gallery 7 Officer "John Doe" chained Plaintiff to the floor as Plaintiff sat waiting in the medical unit, amounting to cruel and unusual punishment in violation of the Eighth Amendment;

Count 15: "John Does 1, 2 & 3" and "Sgt. John Doe" taunted and cursed at Plaintiff, and acted unprofessionally: as he sat in the medical unit, amounting to cruel and unusual punishment in violation of the Eighth Amendment;

Count 16: Counselor Schwartz was negligent and denied Plaintiff due process in violation of the Fourteenth Amendment when he failed to respond to Plaintiff's grievances on April 11, 2013, and May 24, 2013;

**Count 17: N-2/Gallery Counselor "John Doe" was negligent and denied Plaintiff due process in violation of the Fourteenth Amendment when he failed to respond to Plaintiff's grievances on April 11, 2013 and May 24, 2013;**

**Count 18: Counselor Tim Sapp was negligent and denied Plaintiff due process in violation of the Fourteenth Amendment when he failed to respond to Plaintiff's grievances on April 11, 2013 and May 24, 2013; and**

**Count 19: Counselor Angela Groth was negligent and denied Plaintiff due process in violation of the Fourteenth Amendment when she failed to respond to Plaintiff's grievances on April 11, 2013 and May 24, 2013.**

## Discussion

Putting aside the confusing designations Plaintiff has used to identify individuals whose names are unknown, the repetitive nature of many of the enumerated claims, and some confusion regarding individual and official capacity claims, the second amended complaint fails to state a claim upon which relief can be granted. The allegations do not support *any* colorable constitutional claims.

Plaintiff contends that his placement in the N-2 segregation unit without justification denied him due process in violation of the Fourteenth Amendment. Substantive and procedural due process claims must rest upon a liberty interest. *See Hayden ex rel. A.H. v. Greensburg Community School Corp.*, 743 F.3d 569, 574-75 (7th Cir. 2014) (*in re* substantive due process); *see also Armato v. Grounds*, 766 F.3d 713, 721-722 (7th Cir. 2014) (*in re* procedural due process). Placement in disciplinary segregation may trigger a liberty interest, if the length of time is substantial or the conditions are unusually harsh. *See Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014). Under *Sandin v. Conner,* 515 U.S. 472 (1995), a prisoner is entitled to procedural due process protections before being subjected to segregation imposing "an atypical and significant hardship." *Id.* at 486. The Court of Appeals for the Seventh Circuit has

described this threshold as being triggered by "conditions *materially* more onerous than 'the ordinary incidents of prison life.' " *Marion v. Radtke,* 641 F.3d 874, 875 (7th Cir. 2011) (quoting *Sandin,* 515 U.S. at 484) (emphasis added).  In Plaintiff Howery's situation, neither his length of confinement in segregation nor the conditions of confinement trigger due process protections.

Ten days in segregation is not, alone, long enough to trigger protection under the Due Process Clause.  *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir.2009) (six month segregation term, by itself, was insufficient to trigger due process rights).  The fact that the conditions in the N-2 unit may have been "worse" than the conditions in the N-1 unit, where Plaintiff was admittedly better than the conditions of general population confinement, does not bring Plaintiff's claims within the ambit of the Fourteenth Amendment.  The only specific conditions mentioned in the second amended compliant, the denial of showers and clean bedding for ten days, do not impose "an atypical and significant hardship."  Those conditions, individually or in combination, are also insufficient to violate the Eighth Amendment.

"[B]oth the duration and the conditions of the segregation must be considered in the due process analysis; if the conditions of segregation were significantly harsher than those in the normal prison environment, 'then a year of [segregation] might count as a deprivation of liberty where a few days or even weeks might not.' " *Marion v. Columbia Correction Inst.,* 559 F.3d 693, 698 (7th Cir. 2009).  The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment.  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  In *Hardaway v. Meyerhoff,* 734 F.3d 740, 744–45 (7th Cir. 2013), the Court of Appeals for the Seventh Circuit found no constitutional violation when a prisoner could only shower weekly.  *See also Davenport v.*

*DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988) (discussing the frequency of showers being a cultural amenity, not a medical concern and, therefore, not alone a constitutional violation).  Not being allowed to shower and not being given clean sheets during a ten-day period do not impose a serious risk to health or safety, or amount to an atypical hardship.  Prisoners cannot expect the "amenities, conveniences, and services of a good hotel."  *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988).  For these reasons the Eighth and Fourteenth Amendment Claims regarding Plaintiff's transfer to N-2, or the conditions of confinement in N-2 must be dismissed with prejudice.

Plaintiff's interactions with various correctional officers, which he describes as "unprofessional," involving "taunting" and name-calling, do not violate the Eighth or Fourteenth Amendments.  Mere name-calling and rude, boorish behavior does not violate the Eighth Amendment.  *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).  The rough treatment and behind-the-back restraints, as described in the second amended complaint, also fail to rise to the level of a constitutional violation. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action .... [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." ' *Hudson v. McMillian,* 503 U.S. 1, 9-10 (1992); *see also Outlaw v. Newkirk,* 259 F.3d 833, 837-38 (7th Cir. 2001).  All of Plaintiff's claims, as described, are of a *de minimus* nature, including his claim regarding being chained or shackled to the floor in the medical unit for as long as three hours (albeit with a break at one point).  Plaintiff doe not describe pain of harm while he waited.  He only describes the bench as being "uncomfortable" (Doc. 17, p. 9).

Plaintiff instead focuses on the taunting that occurred during that period (*see* Doc. 17, p. 7; Doc. 17, p. 9).

Insofar as counselors failed to respond to Plaintiff's grievances, the Seventh Circuit has made it clear that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Even if the counselors acted negligently, as alleged, they have not violated the Constitution. *See McDowell v. Village of Lansing*, 763 F.3d 762, 766 (7th Cir. 2014) (regarding the Fourteenth Amendment); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (regarding the Eighth Amendment).

Plaintiff has had three tries to state a viable claim and has failed to do so. Moreover, the second amended complaint makes clear that the events at issue cannot support a viable constitutional claim. Consequently, to allow Plaintiff a fourth chance to amend his pleading would be futile and a waste of judicial resources.

Because Plaintiff has failed to state a single claim upon which relief can be granted, he will be assessed a "strike" for purposes of 28 U.S.C. § 1915(g).

## **Pending Motion(s)**

Also before the Court is Plaintiff's motion for service of summons and the complaint at government expense (Doc. 16). Because the second amended complaint cannot proceed, the motion (Doc. 16) will be denied as moot.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, all claims against all Defendants are **DISMISSED with prejudice**.  Plaintiff is assessed a **STRIKE** for purposes of 28 U.S.C. § 1915(g). Final judgment will enter; the case is closed.  Accordingly, Plaintiff's motion for service of summons and the complaint at government expense (Doc. 16) is **DENIED as moot**.

IT IS SO ORDERED.

DATED:  December 22, 2014

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**